UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORKEY DENNIS OGLE,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>MARCUS POLLARD,<br>　　　　　　　　　　Respondent. | Case No.: 3:20-cv-1115-LAB(KSC)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 19]** |

Petitioner Corkey Dennis Ogle, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. Before the Court is petitioner's request for appointment of counsel. For the reasons outlined more fully below, the Court finds that petitioner's Motion for Appointment of Counsel must be denied.

## *Background*

Petitioner is currently serving a seven-year to life sentence for murder, robbery, kidnapping, and assault with a deadly weapon. [Doc. No. 4, at p. 1.] He has been in prison approximately 42 years and is 71 years old. [Doc. No. 4, at pp. 1, 17.] Petitioner

challenges a September 4, 2019 decision denying him parole under California's Elderly Parole Program. [Doc. No. 4, at p. 17.]

### *Discussion*

In Petitioner's *ex parte* Motion, he requests that the Court appoint counsel in this case for the following reasons: (1) he does not have the funds to retain counsel on his own; (2) he has minimal education and believes the issues in his case are "somewhat complicated" and require proper legal representation; and, (3) he has inadequate access to the prison law library. [Doc. No. 19, at p. 1.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in habeas cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, there is currently no basis to support a finding of exceptional circumstances. First, the record is not sufficiently developed so that the Court could determine the likelihood of success on the merits.

Second, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by petitioner's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude that petitioner lacks the ability to articulate and prosecute his claims *pro se* even though he lacks legal training.  The allegations in the Petition are clearly stated, and they are not complex. [Doc. No. 4.] Thus far, petitioner has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training.  Accordingly, petitioner's *pro se* status and limited access to the prison's law library will be taken into consideration by the Court when his filings are reviewed.

### ***CONCLUSION***

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel is DENIED.  [Doc. No. 19.]

IT IS SO ORDERED.

Dated:  November 6, 2020

Hon. Karen S. Crawford
United States Magistrate Judge