UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORKEY DENNIS OGLE,<br><br>        Petitioner,<br><br>v.<br><br>MARCUS POLLARD,<br><br>        Respondent. | Case No.: 3:20-cv-1115-LAB(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**[Doc. No. 20]** |

  Petitioner Corkey Dennis Ogle, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. Before the Court are respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 20]; petitioner's Opposition; [Doc. No. 22]; and petitioner's Supplemental Opposition [Doc. No. 26]. For the reasons outlined below, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss the Petition [Doc. No. 20].

/ / /

/ / /

### *Background*

Petitioner is currently serving a seven-year to life sentence for murder, robbery, kidnapping, and assault with a deadly weapon. [Doc. No. 4, at p. 1.] He claims he has been in prison for more than 42 years and is over 70 years old. [Doc. No. 4, at pp. 1, 17.] Petitioner challenges a September 4, 2019 decision denying him parole under California's Elderly Parole Program. [Doc. No. 4, at p. 17.]

### *Discussion*

I. *Motion to Dismiss Standards.*

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System*, 534 F.3d 1116, 1122 (9th Cir. 2008).

II. *Denial of Parole Under California's Elderly Parole Program.*

Petitioner contends that his Federal Constitutional rights to Due Process and Equal Protection were violated when he was denied parole under California's Elderly Parole Program, which was implemented to address prison overcrowding. According to petitioner, this program requires the Parole Board to give special consideration to certain factors and to prepare a risk assessment to determine whether parole would be appropriate. [Doc. No. 4, at p. 20.] Petitioner believes parole was denied in his case, because the Parole Board did not give special consideration to all relevant factors, including petitioner's advanced age, his long-term confinement, and his diminished physical capacity. [Doc. No. 4, at p. 21.] Because of his long-term confinement, it is petitioner's view the Parole Board should have considered this "compelling" evidence that he has "undergone cruel and unusual punishment." [Doc. No. 4, at p. 21.] He also believes the risk assessment prepared by clinical psychologists was "full of false information." [Doc. No. 4, at p. 21.] In addition, petitioner contends the Parole Board improperly relied on his 43-year claim of "actual innocence." [Doc. No. 4, at p. 21.]
/ / /

In the Motion to Dismiss, respondent argues petitioner has not stated a claim for which Federal habeas corpus relief can be granted. Respondent contends that petitioner's parole denial claim is not a cognizable claim for Federal habeas corpus relief, because resolution of this issue would not necessarily reduce the duration of his sentence or require his immediate release. [Doc. No. 20, at p. 5.] Respondent is correct.

A Federal Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). A petitioner's claim does not fall within "the core of habeas corpus" if success on the merits "would not necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d at 935, citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983").

The petitioner in *Nettles*, who was serving a life sentence in state prison, filed a habeas petition in Federal Court challenging a disciplinary violation on Federal constitutional grounds. *Nettles*, 830 F.3d at 924. He argued that his eligibility for parole would be affected if the disciplinary violation was not expunged from his record. *Id.* at 924-925. The Ninth Circuit upheld the dismissal of the petitioner's claim, reasoning that success on the merits of his claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 934. As the Ninth Circuit in *Nettles* explained, California law requires the parole board to consider "all relevant, reliable information" to determine suitability for parole. The subject disciplinary violation was only one factor, and the parole board could deny parole "on the basis of any of the grounds presently available to it." *Id.* at 935.

As in *Nettles*, 830 F.3d at 934, the parole board in this case would still need to consider "all relevant, reliable information" to determine "suitability for parole." *Id.* at 935. The parole board could then deny parole "on the basis of any of the grounds presently available to it." *Id.* Therefore, petitioner's claim falls "outside the core of habeas corpus." *Id.* at 934. There is nothing in the arguments and information provided in petitioner's Opposition and Supplemental Opposition that would change the nature of his claim. Under these circumstances, IT IS RECOMMENDED that the District Court DISMISS petitioner's claim that his Constitutional rights were violated, because he was denied parole under California's Elderly Parole Program.

### III. *State Law Error.*

Respondent also argues that petitioner has not stated a cognizable claim for relief under the Federal Constitution, because the Petition only raises a potential violation of state law that does not involve a Federal question. According to respondent, petitioner's mere reference to general legal concepts, such as Due Process, Equal Protection, and Cruel and Unusual Punishment, do not transform his state law claim into a Federal constitutional issue. [Doc. No. 4, at pp. 3-4.] Respondent is correct.

"A mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Merely asserting violations of Due Process cannot "transform a state-law issue into a federal one." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Here, the gravamen of petitioner's claim is that California regulations implementing the Elderly Parole Program have been misapplied in his case. As the Supreme Court held in *Swarthout v. Cooke*, 562 U.S. 216, it is not this Court's role to determine whether California's laws or regulations were correctly applied in petitioner's case. *Id.* at 222. For this additional reason, IT IS RECOMMENDED that the District Court DISMISS the Petition to the extent it seeks a determination based on California law and regulations that petitioner was erroneously denied the benefits of parole consideration under California's Elderly Parole Program.

///

### *Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss [Doc. No. 20] "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that **_no later than March 22, 2021_** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served **_no later than March 29, 2021_**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court Order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 22, 2021

Hon. Karen S. Crawford
United States Magistrate Judge